IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 20-cr-383 |
| | : | |
| DONTE MATTHEWS, | : | |
| Defendant. | : | |

**MEMORANDUM**

**Younge, J.**                                                                                                                                          **December 17, 2025**

Defendant Donte Matthews argues that he received constitutionally deficient legal counsel when, prior to pleading guilty, his lawyer incorrectly estimated the sentence that would be imposed. Currently before the Court is Defendant's *Pro Se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 94 (the "Motion" or "Mot."), and the responses thereto, ECF Nos. 97, 98.[1] For the reasons set forth in this Memorandum, Defendant's Motion is denied without further proceedings.[2]

**I.     Background**

   **A.     Procedural Background**

On November 4, 2020, Defendant Donte Matthews was indicted by a federal grand jury and charged with the following: three counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and (b)(1)(B) (Counts One through Three); one count of possession with intent to distribute methamphetamine, fentanyl, cocaine base, and heroin, in

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

[2] The Court finds this Motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f).

1

violation of 21 U.S.C. § 841(a)(1), b)(1)(A), (b)(1)(B) and (b)(1)(C) (Count Four); one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Five), and one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (Count Six). These charges stemmed from Defendant's drug trafficking in January and February of 2020.

On June 28, 2022, pursuant to a written plea agreement with the Government, Defendant entered a plea of guilty to Counts One, Two, Five, and Six, and lesser-included offenses of Counts Three and Four.

On December 14, 2023, the Court imposed the following sentence: a total term of 195 months' imprisonment, to include 135-month concurrent terms on each of Counts One, Two, Three and Four, a concurrent 120 months on Count Six, and a consecutive 60 months on Count Five.

On December 15, 2023, Defendant filed a *pro se* notice of appeal, challenging his sentence. On July 10, 2024, Defendant voluntarily withdrew his appeal, recognizing that he waived his appellate rights in his written guilty plea agreement. Only July 11, 2024, the Third Circuit dismissed the appeal. On July 10, 2025, Defendant timely filed the instant Motion under 28 U.S.C. § 2255, asking this Court to vacate his conviction and sentence.

      B.      **Factual Background**

            1.      **Defense Counsel Advises Defendant of Sentencing Exposure**

Defendant was represented in the plea negotiations process by his attorney, Louis Savino, Jr. Mot. 18. According to Defendant, Mr. Savino explained to Defendant that if he entered into a plea agreement "he would be sentenced in the 120 month range." *Id.* According to Defendant, he relied on this estimation in choosing to plead guilty. *Id.*

### 2. Plea Agreement is Signed by Defendant

The guilty plea agreement that Defendant signed on June 28, 2022 states, "at the time of sentencing, the government will make whatever sentencing recommendation as to imprisonment, fines, forfeiture, restitution, and other matters which the government deems appropriate." ECF No. 61 at 2. The document further states that the total maximum sentence is life imprisonment. *Id.* at 3. This plea agreement did not have a requested range for sentencing.

### 3. Court Holds Plea Hearing

On June 28, 2022, the Court held a change of plea hearing in which Defendant pled guilty. On this date, Elliot M. Cohen was the counsel of record for Defendant. The assigned AUSA at the change of plea hearing stated, "the total maximum, your honor, is life imprisonment, 10 years mandatory minimum for imprisonment." ECF No. 90 ("Tr. of 6/28/22") at 16. The Court later stated, "[the AUSA] has already placed on the record all the maximum and mandatory minimum penalties that are associated with this case … do you understand what those are?" Defendant responded, "yes." *Id.* at 20.

The Court asked Defendant, "have you had a full opportunity to meet with and discuss all aspects of this case with your counsel?" Defendant responded "yes." *Id.* at 6–7. The court asked defense counsel, "did you or Mr. Savino discuss with [Defendant] whether he should plea guilty or proceed to trial and inform him of your best professional judgment about the pros and cons of both approaches?" Mr. Cohen responded, "yes, your Honor." *Id.* at 10. The Court then asked Defendant, "Mr. Matthews, do you understand the process that led to the plea offer made by the Government?" Defendant responded, "yes." *Id.* at 11. The Court then asked Defendant, "do you understand the advantages and disadvantages of accepting the plea offer?" Defendant responded, "yes." *Id.* The Court further asked, "Are you satisfied that you had a full and complete

3

opportunity to discuss this matter with your attorney." Defendant responded, "yes." *Id.*

After the essential parts of the plea agreement were read out in court, the Court asked Defendant, "Mr. Matthews, other than those terms set forth in the written plea agreement, and what the attorney for the Government has stated, did anyone promise or offer you anything else to get you to plead guilty?" Defendant responded, "no." *Id.* at 20. The Court then asked Defendant, "[did] anyone threaten or force you to plead guilty?" Defendant responded, "no." *Id.* The Court further asked Defendant if he understood that "in appropriate circumstances, [the Court could] impose a sentence that is less severe or more severe than the sentence which the guidelines recommend?" Defendant responded "yes." *Id.* at 21.

### 4.     Defendant is Sentenced

On December 14, 2023, Defendant was sentenced by this Court. Before the sentencing proceeded, the Court questioned Defendant on whether he wanted to proceed with Mr. Savino, after petitioning the Court for a new attorney. The Court asked, "do you agree [with] what Mr. Savino indicated, that you wish to withdraw that request?" Defendant responded, "yes, I want to keep him." ECF No. 91 ("Tr. of 12/14/23") at 7–8. The Court further asked, "are you otherwise satisfied with the representation he has provided?" Defendant responded, "yes." *Id.* at 8. Defendant was also asked if he had the opportunity to review the Presentence Report, in which he answered in the affirmative. *Id.* at 10. The Court sentenced Defendant to 195 months imprisonment.

## II.     Legal Standard

A prisoner in federal custody may move the sentencing court to vacate, set aside, or correct a sentence on grounds that it was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426–27 (1962). If the prisoner is successful in his/her motion, the Court must "vacate and set the judgment aside and . . . discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

"As a collateral challenge, a motion pursuant to [§ 2255] is reviewed much less favorably than a direct appeal of the sentence." *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). "Indeed, relief under § 2255 is available only when the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and . . . presents exceptional circumstances where the need for the remedy afforded by the writ . . . is apparent." *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (cleaned up)).

The Court construes petitioner's *pro se* § 2255 motion liberally, but petitioner "must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013); see *Sears v. United States*, No. CR 08-229, 2016 WL 757763, at *3 (W.D. Pa. Feb. 26, 2016).

### III.   Discussion

Defendant argues that the "plainly erroneous" sentencing estimate given to him by his lawyer prior to Defendant pleading guilty amounts to constitutionally ineffective assistance of counsel under the Sixth Amendment. ECF No. 98 at 2. Specifically, Defendant claims that his lawyer advised that he would receive a sentence in the "ten-year range" if he accepted the Government's plea deal, and that no discussion occurred about a possible sentence approaching the 195 months that Defendant ended up receiving. *Id.* Defendant further claims he was

prejudiced since, had counsel given him proper advice, "there is more than a reasonable probability that the outcome of the case would have been different." Mot. 22–23.

Because Defendant was notified during his plea hearing that the Court could impose a sentence of up to lifetime imprisonment, and because Defendant confirmed that no one promised him what sentence the Court would impose, Defendant's ineffective assistance of counsel claim is without merit and an evidentiary hearing on the issue is unwarranted.

### A.     Ineffective Assistance of Counsel Claim

For a guilty plea to be valid, it must "represent[ ] a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). To assist defendants in making this consequential decision, the Sixth Amendment guarantees defendants the right the effective assistance of counsel when entering a guilty plea. *Lee v. United States*, 582 U.S. 357, 363 (2017) (citing *Lafler v. Cooper*, 566 U.S. 156, 165 (2012); *Hill*, 474 U.S. at 58 (1985)). To demonstrate that counsel was constitutionally ineffective, a defendant must show (1) that counsel's performance in representing the defendant "fell below an objective standard of reasonableness" and (2) that the defendant was prejudiced as a result. *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).

If a defendant fails to demonstrate either ineffective performance or prejudice, the claim fails and the inquiry may end without needing to review the remaining element. *Strickland,* 466 U.S. at 697. Thus, this Court is not required to review both prongs or to review them in any particular order. *Id*. Indeed, the *Strickland* Court recognized that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* Here, Defendant's failure to show that he was prejudiced by any deficiency in defense counsel's representation of him is sufficient to deny Defendant's

6

ineffective assistance of counsel claim.

### 1. Prejudice Prong

A defendant can satisfy the prejudice requirement by showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). However, the Third Circuit "[has] long held that an erroneous sentencing prediction by counsel is not ineffective assistance of counsel where . . . an adequate plea hearing was conducted." *United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007); *see also United States v. Jones*, 336 F.3d 245, 254–55 (3d Cir. 2003) (concluding that the defendant's assertion that his counsel's promise of a sentence of "no less than 57 months and no more than 71 months" did not cause a plea resulting in a longer sentence to be unknowing and involuntary where the court held a thorough plea colloquy and "the record fails to clearly demonstrate either that the misrepresentations occurred or that [the defendant] was prejudiced"); *Scarbrough v. Johnson*, 300 F.3d 302, 303-04 (3d Cir. 2002) (where the defendant pled to second-degree murder with mandatory life imprisonment, but later claimed that defense counsel misinformed him that he would be eligible for parole, the guilty plea was nonetheless knowing and voluntary because the state court repeatedly and correctly informed the defendant during the plea colloquy that the penalty was an "automatic life sentence" and that the court would have no control over parole); *United States v. Mustafa*, 238 F.3d 485, 492 n.5 (3d Cir. 2001) ("All that the law requires is that the defendant be informed of his/her exposure in pleading guilty. The law does not require that a defendant be given a reasonably accurate 'best guess' as to what his/her actual sentence will be; nor could it, given the vagaries and variables of each defendant's circumstances and offending behavior."). Indeed, this Court's plea colloquy is tailored precisely to ensure that defendants are accurately informed of

7

the applicable penalties and that no promises or guarantees were made as to the sentence the Court would impose.

*United States v. Shedrick* is instructive. 493 F.3d 292 (3d Cir. 2007). There, the defendant pled guilty to being a felon a possession of a firearm. Shedrick's plea agreement stated the maximum potential sentence and that the government was permitted to argue for whatever sentence was appropriate. *Id.* at 295. Furthermore, at the change of plea hearing, the court informed the defendant that his sentence would be left to the discretion of the court. *Id.* The defendant acknowledged that there were no other agreements that existed between him and the government. *Id.* at 296. The government moved for an upward departure at the time of sentencing, which was granted by the court. *Id.* The departure raised the defendant's exposure from 46 to 57 months to 100 months. *Id.* at 297. The defendant was sentenced to 97 months. *Id.* The defendant filed a motion pursuant to 28 U.S.C. § 2255, which was denied. On appeal, the Third Circuit ruled, "[a]ny erroneous sentencing information allegedly provided by defense counsel was corrected by the written plea agreement and the detailed in-court plea colloquy, both of which accurately stated Shedrick's potential sentence." *Id.* at 300. The Circuit found that the defendant, "(1) had read, signed, and fully understood the plea agreement, (2) understood that there were no other promises regarding his potential sentence, and (3) had admitted the facts of the crime." *Id.*

Here, the content of Defendant's plea agreement, as well as Defendant's attestations during the plea hearing, preclude Defendant from succeeding on an ineffective assistance of counsel claim. The plea agreement stated that the total maximum sentence is life imprisonment, and the agreement did not have a requested range for sentencing. ECF No. 61 at 2. During the plea hearing, Defendant acknowledged that he read and signed his plea agreement. Tr. of 6/28/22

at 12. He also acknowledged that he understood that no promises were made to him on what sentence the Court would impose. Tr. of 6/28/22 at 20. He further acknowledged that he knew that the final sentence was up to the discretion of the Court. Tr. of 6/28/22 at 21. Thus, Defendant's claim that he was prejudiced by his counsel's misadvise fails on its face.

Defendant incorrectly relies on cases such as *Baker v. United States*, 109 F.4th 187 (3d. Cir. 2024) and *United States v. Day*, 969 F.2d 39 (3d. Cir. 1992) in which defendants *declined* to accept a plea due to alleged ineffective assistance of counsel. Since declining a plea offer does not trigger the same plea colloquy that was given to Defendant in the matter at hand, these cases are inapposite.

### 2.     Performance Prong

Because the Court has rejected Defendant's argument that he was prejudiced by any deficiencies in his counsel's representation of him, the Court need not delve into a separate analysis of the objective reasonableness of counsel's representation.

### B.     Request for an Evidentiary Hearing

Defendant argues that an evidentiary hearing is necessary to resolve his ineffective assistance of counsel claim. Because the Court finds it conclusive that Defendant is not entitled to relief, the request for an evidentiary hearing is denied.

When a motion is made under Section 2255, "the question of whether to order an evidentiary hearing is committed to the sound discretion of the district court." *Government of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1988). In exercising that discretion, the district court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Id*. Further, the Court "must order an evidentiary hearing to determine the facts" unless the motion and the associated case documents establish "conclusively

9

that the movant is not entitled to relief." *Id*. Indeed, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *see Page v. United States*, 462 F.2d 932, 933 (3d Cir. 1972) ("where the record affirmatively indicates that the claim for relief is without merit, a refusal to hold a hearing will not be deemed an abuse of [the trial court's] discretion"); *Blackledge v. Allison*, 431 U.S. 63, 74, 76 (1977) (contentions that in the face of the record are "palpably incredible" or "patently frivolous or false," are subject to summary dismissal); Rule 4(b) of the Federal Rules Governing § 2255 Proceedings (the Court may order the summary dismissal of a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.").

Since the Court has already determined that Defendant's ineffective assistance of counsel argument lacks an arguable basis in both law and fact, Defendant's request for an evidentiary hearing is denied.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion is denied without further proceedings.

An appropriate Order follows.

**BY THE COURT:**

*/s/ John Milton Younge*

**Judge John Milton Young**